**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MARTIN AVILA,<br>Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:25-CV-273-JEM |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,<br>Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Martin Avila on June 18, 2025, and an Opening Brief in Support of Reversing or Remanding the Decision of the ALJ [DE 9], filed September 26, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 11, 2026, the Commissioner filed a response, and on February 25, 2026, Plaintiff filed a reply.

**I. Background**

On January 19, 2023, Plaintiff filed applications for benefits alleging that he became disabled on July 1, 2021. Plaintiff's applications were denied initially and upon reconsideration. On June 5, 2024, an Administrative Law Judge ("ALJ") held a telephonic hearing, at which Plaintiff, by an interpreter and with an attorney, and a vocational expert ("VE") testified. On June 20, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since July 1, 2021, the alleged onset date.

3. The claimant has the following severe impairments: lumbar spondylosis and

vision issues.

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.

5. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2021, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ failed to sufficiently develop the record. In particular, he argues that the ALJ did not obtain the claim file from Plaintiff's previous application for benefits nor order a consultative medical examination to develop the record in this case. The Commissioner argues that Plaintiff has not demonstrated that remand is appropriate.

Plaintiff argues that Plaintiff's prior claim file was necessary to establish Plaintiff's longitudinal impairments. In a 2019 opinion, the previous ALJ concluded that Plaintiff was capable of light work with additional limitations. If Plaintiff was now limited to light work, he would be considered disabled. *See* 20 C.F.R. 404, Subpart P, Appendix 2, Rule 201.06; *Martin v. Saul*, 950 F.3d 369, 376-77 (7th Cir. 2020) (citing 20 C.F.R. §§ 404.1563(e); 404.1568(a)-(c), (d); 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 201.06, 202.06). Instead, the ALJ found that Plaintiff is currently less limited than he was in 2019, when he could only perform light work with additional postural and environmental limitations The ALJ noted the previous opinion and that that prior decision is binding on all parties. She then went on to address only the medical evidence in the current record, without explicitly taking into account the previous record and without obtaining it for examination.

The ALJ found that Plaintiff does not suffer from any severe impairments. She determined that Plaintiff's work since the alleged onset date did not count as past relevant work. He had to quit both jobs because of physical inability to continue, even though one of the jobs was for a family member who provided workplace accommodations. Despite apparent physical inability to work either of these jobs, the ALJ found that Plaintiff had fewer limitations and was capable of a larger range of work in 2024 than in 2019, despite his additional vision-related diagnosis and advancing age.

The ALJ explained that she discounted Plaintiff's reports of pain and its limiting effects

because the record does not show the recommended surgery or other subsequent treatment for his diagnoses of lumbar spondylosis and Plaintiff did not take pain medications other than ibuprofen. An ALJ can discount a claimant's testimony in light of routine and conservative treatment, so long as the ALJ does not unreasonably minimize the extent of the claimant's treatment. If a claimant's treatment "is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, [the ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record," but as part of that analysis the ALJ is required to "consider[] possible reasons [the claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). But the ALJ may not make impermissible medical judgments in determining whether the claimant's treatment was appropriate, and may not make assumptions about the claimant's failure to seek treatment without asking the claimant about the reasons for the purported noncompliance. *Huber v. Berryhill*, 732 F. App'x 451, 456 (7th Cir. 2018) (concluding that "the ALJ committed a 'logical error' by 'misinterpreting the significance' of his doctors' treatment recommendations" (quoting *Scrogham v. Colvin*, 765 F.3d 685, 701 (7th Cir. 2014)); *Keiper v. Berryhill*, 383 F. Supp. 3d 819, 823 (N.D. Ind. 2019) ("A claimant's inability to afford treatment can excuse the failure to seek such treatment, and by failing to explore this possibility as an explanation for [claimant's] 'routine' care, the ALJ committed error."); *Suess v. Colvin*, 945 F. Supp. 2d 920, 929 (N.D. Ill. 2013) ("The ALJ provides no medical support for her contention that this is 'conservative' therapy, which somehow undermines Plaintiff's allegations of disability.") (citing *Rohan v. Chater,* 98 F.3d 966, 968 (7th Cir.1996)). In this case, Plaintiff testified that he was limited as to what pain medications he could take because of its effects on his kidneys. The ALJ did not question Plaintiff as to whether he could afford the surgery or other recommended treatments or ask why he did not obtain follow up

treatment, nor did she point to any indication in the record that there was other pain medication that would have been more effective for the pain he was experiencing.

Similarly, the ALJ noted Plaintiff's report that he used a cane for support due to falls, but discounted it because it "is not indicated in the medical record." AR 27. However, there is no requirement for a prescription for a cane at all, as no prescription is required to acquire – or benefit from – a cane. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription."). Although Plaintiff may not need to use an assistive device at all times, the ALJ completely disregarded his use of a cane and concluded that Plaintiff did not have any limitations, including postural limitations, that restrict his ability to work. The ALJ also ignored Plaintiff's reports of difficulties hearing, because "there is no medical support" for his reports, AR 27, despite his testimony at the hearing that he relied on adaptive devices, such as turning the phone volume all the way up, which, like the cane, do not require a prescription – and, as with the medication, the ALJ did not question Plaintiff regarding why he did not seek medical intervention for his hearing loss.

The Commissioner argues that the ALJ was not required to obtain the previous record or order a consultative exam. He argues that the ALJ did not need to review the medical evidence prior to 2019, including the diagnostic images of Plaintiff's back or the opinion of the state agency reviewing physician, because she reviewed the prior decision denying benefits. However, the ALJ found that Plaintiff was less limited than he had been at the time of the previous decision, suggesting that there was information in those medical records germane to a finding of impairment and limitations on Plaintiff's ability to work, if not disability. In addition, the Commissioner relies on details of medical treatment notes in support of his contention that Plaintiff was not disabled that the ALJ did not mention in her opinion. S*ee Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010)

(explaining that the *Chenery* doctrine "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced") (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 87–88 (1943)).

The ALJ disregarded evidence and testimony of Plaintiff's limitations, including the opinion of a previous ALJ who reviewed medical information that this ALJ did not have. *See Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). There is no logical bridge between even the sparse evidence the ALJ did have and her conclusions. *O'Connor-Spinner*, 627 F.3d at 618 ("[ALJ] must provide a 'logical bridge' between the evidence and his conclusions."); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("[A]lthough a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record.").

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Opening Brief in Support of Reversing or Remanding the Decision of the ALJ [DE 9] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record